UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No. 19-33295-tmb13
**Janyce Duvall** )
) [ONLY FOR CHAPTER 13 CASES]
) DEBTOR'S ATTORNEY'S DISCLOSURE
) OF COMPENSATION AND ANY
) EMPLOYMENT AGREEMENT, AND
) APPLICATION FOR COMPENSATION,
Debtor(s) ) UNDER 11 USC §329 AND FRBP 2016(b)

Debtor's attorney discloses compensation paid or to be paid in the above referenced case. Debtor and debtor's attorney have agreed to attorney compensation, and ☒ have ☐ have not entered into an employment agreement. **A copy of the employment agreement, if any, is attached hereto.**

The applicable schedule for the fee agreement between debtor and debtor's attorney is indicated below. If Schedule 1 or Schedule 2 is selected, debtor(s), acting by and through the undersigned counsel, apply to the court for an order authorizing the compensation specified therein.

☒ **SCHEDULE 1:** The total fee request is $_____4750_____ ($4,750 maximum). This amount represents all fees for the entire life of the case except for appeals or any adversary proceeding. Debtor has agreed to pay fees of $_____4750_____ ($4,750 maximum) and expenses of $_____0_____ for a total of $_____4750_____.
☒ Debtor ☐ (specify) _____ has paid $_____1875_____, leaving $_____2875_____ to be paid through the plan.

☐ **SCHEDULE 2:** Regarding all services rendered through confirmation of the plan plus the initial audit of claims, debtor and debtor's attorney have agreed upon:
  ☐ (a) a flat fee (i.e., requiring no itemization) of $_____ ($3,450 maximum). Debtor and debtor's attorney have agreed that post-confirmation services (after the initial audit of claims) will be charged as specified in the attached agreement or, if there is no written agreement, as follows:

  ☐ (b) an estimated total fee of $_____ and expenses of $_____. Time records must be kept for all work performed both "pre" and "post" petition. Such records may be requested by the court at any time, and must show the time and rate applied to each service rendered. If the estimated fee exceeds $3,450, an itemized statement showing the time and hourly rate applied to each service rendered, attached to LBF 1306, must be filed with the court not less than one week prior to the final confirmation hearing.

  ☐ Debtor ☐ (specify) _____ has paid $_____, leaving $_____ to be paid through the plan.

1305 (12/1/2017) **Page 1 of 2**             ***SEE NEXT PAGE***

**SCHEDULE 3:** [COMPLETE ONLY IF CURRENT ATTORNEY WAS RETAINED AFTER CONFIRMATION OF A PLAN.] Debtor and debtor's attorney have agreed to fee arrangements as follows:

☐ Debtor ☐ (specify) _____ has paid $_____, leaving $_____ to be paid through the plan.

[If the services specified in a previously submitted Schedule 1 or Schedule 2 (through confirmation and the initial audit of claims) were not completed] The debtor, the debtor's former attorney, and the debtor's current attorney have agreed to the following with respect to the former attorney's fees and will apply for any necessary court order for approval:

**IMPORTANT**:

1. No additional compensation requests will be granted if SCHEDULE 1 is selected, or after a final application is filed if SCHEDULE 2 or SCHEDULE 3 is selected.

2. Supplemental applications for compensation: (a) may only be filed if SCHEDULE 2 or SCHEDULE 3 is selected;(b) will not be considered unless the application is clearly marked as a final compensation application, or unless the supplemental compensation requested is more than $500 and at least 6 months have expired since the filing of the case or since the filing of any earlier application; and (c) must be filed using LBF #1307, including an itemization of all services previously performed for which no previous itemization and application has been filed.

I certify there is no agreement to share compensation with any other person, except with a regular member, partner, or associate of my attorney firm, except as follows (provide details):

I further certify that on _____9/5/19_____ a copy of this document was served on the debtor(s) and trustee.

DATED: _____9/5/19_____

/s/Christopher J Kane, Upright Law LLC
Debtor's Attorney

## Upright Law, LLC

### *ATTORNEY CLIENT LEGAL SERVICES AGREEMENT FOR CHAPTER 13 BANKRUPTCY*

This Agreement is executed between Upright Law, LLC ("Firm") and the undersigned ("Client"). The undersigned Partner of Firm has authorized Firm to affix Partner's digital signature upon this Agreement ("Agreement"). Agreement is subject to Partner's further review and approval after consultation with Client. Agreement contemplates bankruptcy related services ("Services") ONLY and no other representation. The Partner will review this Agreement with Client, including which chapter of bankruptcy Client is eligible for.

1.  **Type of Bankruptcy Representation and Scope of Services.** Client hires Firm, (and not any specific attorney) to provide Services. Firm will immediately begin providing Services and accrue billable time. Services include all representation to complete Client's legal matter through discharge, dismissal or until Client cancels.

2.  **Type of Fee ("Fee").** Client hires Firm under a "FLAT FEE" Agreement whereby Firm agrees to provide Services for a fixed amount of $ 4750.0, plus the Bankruptcy Court filing fee of $ 310.00 for a total of $ 5060.00 ("Total Fee"). Client agrees to pay $ 1875.00 plus the Bankruptcy Court filing fee of $ 310.00 for a total of $ 2185.00 ("Upfront Fee") prior to Client's case being filed. The remainder of $ 2875.00 attorney fees will be paid, **subject to court approval**, through your Chapter 13 Plan and will cover all attorneys fees for the life of your Chapter 13 plan or upon approval of a fee application ("Post-Filing Fee"). Firm will immediately begin providing Services and bill for all Services, including those provided before this Agreement is signed. From time to time, Firm may perform an accounting of its time and to the extent that its time, multiplied by its hourly rate, exceeds the amount paid by Client under the Flat Fee, **Firm may petition the court to award Supplemental Fees**, which may be awarded by the court if the court determines that additional fees are warranted. The court may be more likely to award additional fees for extraordinary additional work such as work on objections to discharge, adversary proceedings and heavily contested matters. Client may contest any fee that Firm petitions the court to award. Supplemental Fees are billed at $395.00 per hour for attorney time (or the highest hourly rate permitted in Client's jurisdiction) and $125.00 per hour for paraprofessional time billed in 6-minute increments. Because this is a flat fee representation, Firm will not provide a monthly accounting. Upfront Fee is earned when paid and immediately becomes property of Firm. Fees will be placed into Firm's general expense/operating account and NOT into any Firm IOLTA client trust fund account. Client has 60 days from Client's final payment of Upfront Fee to turn in all requested documents or, if Firm has to spend additional time collecting documents due to Client's unreasonable delay, Client may be charged an additional Flat Fee of $375.00, and any amounts on deposit with Firm to pay filing fees or other costs will be applied toward that $375.00 Fee. No Chapter 13 petition will be filed until all Upfront Fees and costs are paid in full and Client provides all documents.

3.    **Payment Term.** Client may only use a debit card, but not a credit card to pay for Services. Client, who lives in zip code 97233    , is a duly authorized signor on the account ending in 2448    , expiring 03/22    . Firm is authorized to charge account ending in 2448    , the Upfront Fee of $2185.00    , by single/recurring debits. Client authorizes Firm to adjust debits at Client's direction to fully pay the Upfront Fee. Client may cancel future payments only by written notice at least five days in advance. This authorization is effective only until Client has paid the Upfront Fee, has cancelled the authorization, or Client's case has been filed. Firm is not responsible for damages/costs/fees related to authorized payments. Client will be charged $25.00 for each bounced payment.

4.    **Chapter 13 Payment.** Client agrees to make the Chapter 13 Plan Payment to the trustee and all creditors that Attorney has specified are to be paid directly to a creditor outside the Chapter 13 Plan in a timely manner. Client understands that changes in Clients circumstances prior to filing may cause the Chapter 13 Plan Payment to change and may otherwise disqualify Client from Chapter 13. Client understands that Client is required to report to Attorney any future changes to income or the receipt of any unexpected funds, including tax refunds, which may be taken by the court and applied to pay liabilities being paid through the Chapter 13 Plan. Changes in income, receipt of additional assets and other factors may change the length and amount of payments. Client agrees not to buy or sell any property without getting approval from Firm.

5.    **Virtual Representation.** Firm represents Client primarily through means of telephonic and online communication via email, phone or computer-based virtual meeting room, and not face-to-face at a physical office. Client has elected to use Firm, in part, because Client finds this service to be more efficient and convenient. Client has the right to meet with Partner in person at a mutually agreeable time and location.

6.    **Refund Policy.** If Client cancels, Client will be charged for all Services up to the date of cancellation. Firm will provide an accounting along with any unearned portion of the Fee.

7.    **Debtor's Obligations to Pay Credit Counseling/Debtor Education.** In addition to the Flat Fee, Client is obligated to obtain/pay for: (a) Pre-filing credit counseling and (b) post-filing debtor education instructional course.

8.    **Limited Power of Attorney.** Client agrees that the signature on this contract also grants Firm a limited power of attorney to affix its signature to any authorization forms required to (a) obtain tax information from any third party tax preparer, accountant, state or federal taxing authorities or any other party in possession of any type of tax information/returns related to Client, including, but not limited to copies of Client's tax returns and/or transcripts, and (b) obtain due diligence products from third parties including, but not limited to, real estate appraisals and/or comparative market analyses, title searches, asset searches, personal property valuations, and credit reports.

9.  I/WE UNDERSTAND THAT THE INFORMATION DISCLOSED IN THE PETITION IS GIVEN UNDER PENALTY OF PERJURY AND THAT THE FEDERAL PENALTY FOR PERJURY MAY INCLUDE IMPRISONMENT AND HEAVY FINES.

DATED: 2019-04-10

CLIENT(S):

Client: *[signature]*
Print: Janyce Duvall

FIRM: Upright Law, LLC
A Debt Relief Agency

For Firm: /s/ Christopher Kane
Print: Christopher Kane

## CONSENT TO RECEIVE AUTOMATED CALLS

By signing below, you represent that you are the subscriber, owner and/or customary user of the telephone number(s) that follow and that you consent to be called by the firm, or persons acting on the firm's behalf, at each number. You also consent to be called by the firm, or persons acting on the firm's behalf, at any telephone number(s) you provide to the firm in the future and at any number(s) from which you place a call to the firm. You agree that the firm, on behalf of itself or others, may place calls or send messages to you at those numbers using an artificial or pre-recorded voice and/or an automatic telephone dialing system regarding services the firm believes may be beneficial to you. By signing below and providing contact numbers at which you may be reached, you expressly consent to receive such contacts. Your eligibility to qualify for the firm's services does not depend on you agreeing to receive such contacts.

DATED: 2019-04-10

**Client:**

**Print:** Janyce Duvall

**Mobile Phone Number:**

**Home Phone Number:** 5032090342

**Additional Phone Number:**